HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
VICTOR GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00126 DAD-BAM-1 |
|---|---|
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| VICTOR GARCIA, | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| Defendant. | Judge: Hon. Dale A. Drozd |

Defendant, VICTOR GARCIA, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. On April 29, 2019, this Court sentenced Mr. Garcia to a term of 87 months;

4. Mr. Garcia's total offense level was 29, his criminal history category was I (based on him having zero criminal history points), and the resulting guideline range was 87 to 108 months;

5. The sentencing range applicable to Mr. Garcia was subsequently lowered by the zero-point provision;

6. Mr. Garcia is eligible for a reduction in sentence, which reduces his total offense level by 2 from 29 to 27, and his amended advisory guideline range is reduced to 70 to 87 months;

7. Because Mr. Garcia is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Garcia's term of imprisonment to 70 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 70 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); defendant's sentencing memorandum, ECF No. 90; Statement of Reasons ("SOR"); Judgment, ECF No. 94; defendant's Bureau of Prisons ("BOP") disciplinary history, and after consultation with the prosecuting Assistant United States Attorney.

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.
[2] This statement is provided by the United States and is not part of the parties' stipulation.

       The defendant's offense of conviction carries a 10-year statutory mandatory minimum sentence; however, the mandatory minimum did not apply because of 18 U.S.C. § 3553(f). ECF No. 90 at 2; SOR, Section II. In the PSR, the probation officer found the guideline range to be 120 (based on the mandatory minimum) to 135 months and recommended a sentence of 127 months. At sentencing, the United States informed the Court that the defendant satisfied all of the criteria for relief from the mandatory minimum under 18 U.S.C. § 3353(f) and recommended that the defendant be sentenced to a term of imprisonment at the low end of the applicable guideline range as determined by the Court. *See* ECF No. 65 at 5; SOR at 1. Defendant was free to recommend whatever sentence he deemed appropriate, and in his sentencing memorandum, indicated he would recommend a sentence of no greater than 87 months based on his eligibility for safety valve relief and the information in the PSR. ECF No. 65 at 3, 90. The Court agreed with the United States and found the mandatory minimum did not apply pursuant to 18 U.S.C. § 3553(f). Accordingly, the Court adopted the PSR with one change: it reduced the defendant's Total Offense Level by 2 levels, from 31 to 29, to account for safety valve. SOR at 1. The Court sentenced the defendant to 87 months of imprisonment, a term at the low end of the applicable guideline range. ECF No. 94.

       BOP records indicate that as of February 15, 2024, the defendant has sustained one reported incident during his time in BOP custody for possessing an unauthorized item on April 13, 2022. Defendant is currently located at Los Angeles MDC with a projected release date of August 3, 2024. The recommend sentence reduction will likely result in a time served sentence.

Respectfully submitted,

| | |
|---|---|
| Dated: February 16, 2024 | Dated: February 16, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| */s/ Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney | */s/ Peggy Sasso*<br>PEGGY SASSO<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorneys for Defendant<br>VICTOR GARCIA |

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Garcia is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 29 to 27, resulting in an amended guideline range of 70 to 87 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2019 is reduced to a term of 70 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 70 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all the terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Garcia shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **February 21, 2024**             /s/ Dale A. Drozd
                                           UNITED STATES DISTRICT JUDGE